FRANK KILIAN, Jr., BY ANGELA KILIAN, HIS NEXT FRIEND, AND ANGELA KILIAN, INDIVIDUALLY, PLAIN-TIFFS-RESPONDENTS, v. THE PRUDENTIAL INSUR-ANCE COMPANY OF AMERICA, DEFENDANT-APPEL-LANT.

Submitted October 1, 1940—Decided October 29, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *Howard F. McIntyre*).

For the plaintiffs-respondents, *Goldstein & Goldstein* (*Fred Goldstein*).

BODINE, J. The defendant owns a three-story brick building situate at 15 Roff avenue, Palisades Park, New Jersey. On the sidewalk adjacent to the premises, there was an entrance to the cellar covered by iron doors. At the time of the accident to the infant plaintiff, the doors of the cellar were open, forming an angle with the curb line. The doors were at right angles with the building, and when open were supported by a steel crossbar.

Defendant's janitor testified as follows: "*Q.* What is the purpose of these two doors? *A.* To go down to the boiler room. *Q.* And that boiler room is under the exclusive control of the Prudential Insurance Company, is that right? *A.* That is right. *Q.* And that is the only way this company can get in and out of the boiler room, isn't that true? *A.* That is right. *Q.* And isn't it true that the reason you opened the doors was to let the fumes out on warm or hot days if it gets too hot? *A.* That is right. *Q.* And they were open on this day, weren't they? *A.* That is right."

The accident occurred August 8th, 1938. The infant, a boy of eight, pulling a small wagon on his way to the grocery store to make a purchase for his mother, fell over one of the doors and into the cellar suffering damages for which he, by his next friend, and his mother for her loss, had recovery.

Error is assigned in failing to nonsuit and direct a verdict in favor of the defendant. Reliance is placed upon *Handlon* v. *Copestone Temple Association,* 106 *N. J. L.* 362. In that case, Chief Justice Gummere, as to similar cellar doors, said: "When the doors were in proper position after being raised

and were locked together by the iron bar, the cellar opening created no danger to persons walking along the sidewalk." It was sought in that case to charge the defendant, the landlord, because the cellar doors were out of repair. There was no evidence of this and the Chief Justice said: "In the old case of *Durant* v. *Palmer*, 29 *N. J. L.* 544, it is stated that if the tenant leave open a cellar door or a coal-hole or suffer a nuisance to exist for want of repairs which he, and not the landlord, is bound to make, then the tenant alone is liable for injuries received by a person walking along the street, as the result of such carelessness or neglect."

Mr. Justice Garrison said in *Matheke* v. *U. S. Express Co.*, 86 *N. J. L.* 586 (at *p.* 589): "Permanent encroachments upon the highway, such as front door steps, hitching posts, awning poles and this elevated railroad structure itself, are incidents of the highway of which the traveling public must take notice; but merely temporary obstructions to travel, such as an open area or coal chute, the piling up of building materials, a lowered arc light or a sign or awning suspended so low as to impede travel, are matters as to which, in the absence of knowledge or of actual warning, the presumption is that no such obstructions to travel will be encountered."

"The street, and every part of it, by force of the common law, is so far dedicated to the public that any act or obstruction that unnecessarily incommodes or impedes its lawful use by the public is a nuisance. The traveling public have a right to suppose that there is no dangerous impediment or pitfall in any part of it, without a light placed to give warning of it or a suitable railing to protect from it." *Durant* v. *Palmer*, 29 *N. J. L.* 547, 548.

It has been noted that in the instant case, the cellar doors were opened by the defendant, by its janitor, in order to ventilate the cellar. This is not the case of a tenant's opening. *Arnold* v. *Dlugo*, 110 *N. J. L.* 89.

As was said in *Hasney* v. *Stacey Amusement Co.*, 14 *N. J. Mis. R.* 462, 463: "The plaintiff was using the sidewalk in common with other persons immediately preceding him at the time of the accident. Normally sidewalks are presumed to be free from obstructions and pitfalls. Whether leaving the

opening with its shallow lids *unguarded* was negligence, and whether plaintiff was guilty of negligence in failing to observe the open doors, was for the jury to determine." (Italics ours.)

We think it was, from all the evidence, for the jury to say whether the metal doors and the crossbar were the protection to the traveling public called for by the cases and the requirements of reasonable care.

The instruction complained of, examined with an understanding of the entire charge, seems harmless.

Judgment is affirmed.